## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVLLE DIVISION

**PATRICK HOLLOWAY**                                              **PLAINTIFF**

**V.**                                     **CASE NO: 5:20-CV-5113**

**ANDREW M. SAUL,**
**Commissioner of the**
**Social Security Administration**                               **DEFENDANT**

### OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 20) of the Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas. The R&R advises the Court to affirm the ALJ's decision to deny social security disability benefits to Plaintiff. Plaintiff filed an Objection to the R&R. (Doc. 21). The Commissioner then filed a Response (Doc. 22), and Plaintiff filed a Reply (Doc. 23). For the reasons stated herein, the Court **ADOPTS** the R&R and **AFFIRMS** the ALJ's decision.

### I.      BACKGROUND

Plaintiff was employed in a warehouse where he loaded and unloaded freight from trailers either by hand or using a forklift. He filed for disability insurance benefits and supplemental security income benefits on October 2, 2017, pursuant to the applicable sections of the Social Security Act. Both claims were initially denied on December 22, 2017, and then denied upon reconsideration on February 21, 2018. Plaintiff filed an appeal and requested an administrative hearing, which was held on April 11, 2019. The ALJ who presided over the hearing issued an unfavorable decision on August 8, 2019, finding that Plaintiff "has the residual functional capacity [('RFC')] to perform sedentary

1

work" and "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Doc. 14-2, pp. 24 & 29). The Appeals Council denied Plaintiff's request for review of the unfavorable decision on May 4, 2020.

Plaintiff's objection to the R&R focuses on how the ALJ treated certain medical evidence about Plaintiff's back condition. The medical record contains three magnetic resonance imaging ("MRI") pictures of Plaintiff's spine, taken in 2016, 2017, and 2019. The 2016 and 2017 MRIs were analyzed by state-agency physicians during Plaintiff's initial disability determination in 2017 and upon reconsideration in 2018. However, the 2019 MRI was not introduced into the medical record until the ALJ's hearing on April 11, 2019. Plaintiff believes the ALJ did not give appropriate consideration to the 2019 MRI when determining Plaintiff's RFC.

A social security claimant's RFC is "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). An RFC determination must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). It is well established that a "'claimant's [RFC] is a medical question'" regarding "'the claimant's ability to function in the workplace.'" *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). The ALJ's decision "may not [be] reverse[d] merely because substantial evidence also exists that would support a contrary outcome, or because [the Court] would have decided the case differently." *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).

## II.    OBJECTION

Plaintiff argues that the ALJ's decision to deny benefits should be reversed because it is "the product of lay interpretation of medical evidence, which does not meet the substantial evidence standard, and which leaves an evidentiary deficit that the ALJ failed to properly fill." (Doc. 23, p. 1). The "medical evidence" Plaintiff refers to here is his 2019 MRI. He contends that his case should be remanded to the ALJ to further develop the record because a licensed medical professional never interpreted this MRI nor opined about whether it supported Plaintiff's claim of total disability. To be clear, Plaintiff does not suggest that the substantial evidence of record prior to the 2019 MRI indicates that he is totally disabled. He seems to concede that the earlier medical record as a whole supports a finding that he is *not* totally disabled; but he argues that new medical evidence—specifically, his 2019 MRI—suggests that his condition has worsened to the point that the prior medical evidence is stale and should no longer be relied upon when assessing his RFC.

Plaintiff acknowledges that after his counsel presented the 2019 MRI to the ALJ at the hearing, the ALJ immediately ordered Plaintiff to undergo a new medical examination to assess his current medical status. The ALJ also directed the consulting examiner to be provided with all of Plaintiff's MRIs, including the newest one from 2019. Nevertheless, Plaintiff argues that the ALJ erred in his RFC determination because: (1) there is no evidence that the consulting medical examiner reviewed the 2019 MRI (or any MRI, for that matter), so there is still an "evidentiary deficit" in the record that the ALJ should have addressed before making any findings and (2) the ALJ improperly relied on his own non-

3

medical opinion that the 2019 MRI was "consistent with the limitation to sedentary work." (Doc. 14-2, p. 27).

The Court has now conducted a *de novo* review of the record and finds that Plaintiff's objection is without merit. Plaintiff underwent a physical examination—at the ALJ's direction—on May 9, 2019. The examination was performed by Advanced Practice Registered Nurse ("APRN") Kelsey Camp. Plaintiff is correct that APRN Camp's report does not indicate that she received and/or reviewed any of Plaintiff's MRIs, including his most recent one taken on March 15, 2019; however, this fact does not undermine the value of the report as evidence of Plaintiff's RFC. In fact, the report essentially refutes Plaintiff's contention that his back condition had deteriorated after 2017 to the point that he became totally disabled.

Though APRN Camp may not have reviewed Plaintiff's 2019 MRI, she performed a variety of tests on Plaintiff, listened to his complaints of back pain, and took note of his prior diagnosis of "[l]umbar foraminal stenosis." *See* Doc. 14-12, pp. 35–40. Her tests confirmed that his range of motion, gait, and station were all "normal" and that he had only "mild walking/standing/carrying limitations." *Id.* at p. 40. Her report is therefore consistent with the medical record from before the 2019 MRI, which, taken as a whole, supports an RFC for sedentary work. Accordingly, even if the Court were to strike the ALJ's interpretation of the 2019 MRI from the RFC analysis, the rest of the medical record, including the most recent evaluation by APRN Camp, constitutes substantial evidence that Plaintiff is capable of performing sedentary work. For these reasons, Plaintiff's objection is **OVERRULED**.

4

## III.     CONCLUSION

**IT IS THEREFORE ORDERED** that the Magistrate Judge's R&R is **ADOPTED** and the ALJ's decision to deny benefits **AFFIRMED**.   Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this ____10th____ day of June, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE